UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

   -against-                                                                                          19 CR 651 (SHS)

CONSTANTINESCU, et al.,

                           Defendants.
-------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**NIKOLAOS LIMBERATOS' MOTIONS *IN LIMINE***


LAW OFFICES OF JEFFREY LICHTMAN
11 East 44th Street
Suite 501
New York, New York 10017
Ph:  (212) 581-1001
Fax: (212) 581-4999

*Attorneys for Nikolaos Limberatos*

## PRELIMINARY STATEMENT

With these motions, defendant Nikolaos Limberatos ("Limberatos") respectfully moves *in limine* for an Order baring the government from admitting at trial additional uncharged conduct relating to an alleged ATM skimming operation occurring in Georgia and adjacent states. Additionally, Mr. Limberatos seeks to join in the motions of his codefendants to the extent applicable to him.

## PRELIMINARY STATEMENT

Limberatos is charged in Counts One through Four of Indictment 19 CR 651 with Conspiracy to Commit Access Device Fraud, in violation of 18 U.S.C. § 1029 (Count One); Conspiracy to Commit Wire Fraud and Bank Fraud, in violation of 18 U.S.C. § 1349 (Count Two); Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A (Count Three); and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956. Generally, the government alleges that from approximately 2014 through 2019, Limberatos was part of a conspiracy to defraud banks and bank account holders through the use of ATM skimming devices and fraudulent debits cards, which were utilized to withdraw cash from victims' bank accounts. See October 15, 2019 Detention Letter, ECF No. 53, at p. 1.

On May 13, 2022, the government filed notice of its intention to offer evidence of "Nikolaos Limberatos' participation in skimming activity in or around 2015 in Georgia and adjacent states, involving ATMs at Publix grocery stores, and subsequent delivery of cash to another co-conspirator." Govt's May 13, 2022 404(b) Notice ("404(b) Notice") at p. 1. Further, according to the government: "This evidence is admissible as direct evidence of the conspiracy and other charged offenses, because it concerns the same course of conduct as the charged

offenses [and] arose out of the same series of transactions as the charged offenses," further, they claim it "explains the relationships among the co-conspirators, and is inextricably intertwined with the evidence regarding the charged offenses." Id. at pp. 1-2.

While it is true that in certain instances, such evidence of prior uncharged conduct *may* be introduced by the government, they have failed to produce a single item of evidence that ties the uncharged skimming operation in Georgia to Mr. Limberatos, beyond a mutual co-conspirator in both alleged schemes, Alin Hanes Calugaru. A request for a proffer setting forth the basis for the connection between Mr. Limberatos and the Georgia conspiracy was rebuffed by the government, and counsel was informed that they anticipate proving Mr. Limberatos' participation in this scheme through witness testimony. Additionally, counsel was directed by the government to the discovery concerning the Georgia skimming operation, which wholly fails to identify the defendant, and again, relates only to Mr. Calugaru.

Short of a proffer from the government establishing the relevance and admissibility of the Georgia skimming operation as it relates to Mr. Limberatos, evidence thereof should be precluded from trial.

## ARGUMENT

### POINT I

**ANY EVIDENCE CONCERNING THE GEORGIA SKIMMING OPERATION SHOULD BE BARRED AS IRRELEVANT AND UNFAIRLY PREJUDICIAL**

The government has indicated that it will seek to introduce evidence of "Nikolaos Limberatos' participation in skimming activity in or around 2015 in Georgia and adjacent states, involving ATMs at Publix grocery stores, and subsequent delivery of cash to another co-conspirator." 404(b) Notice at p. 1. Their basis for the introduction of this inflammatory alleged uncharged conduct, which concerns hundreds of thousands of dollars in ATM skimming operations by Alin Hanes Calugaru, is that it amounts to "direct evidence of the conspiracy and other charged offenses ... concerns the same course of conduct as the charged offenses, arose out of the same series of transactions as the charged offenses ... explains the relationships among the co-conspirators, and is inextricably intertwined with the evidence regarding the charged offenses." Id. at pp. 1-2. Aside from a shared alleged perpetrator of that scheme – Calugaru – and the nature of the charges for which Limberatos now stands trial, the government has failed to produce any evidence at this stage which supports their contentions. As such, they should be precluded from admitting such evidence at the upcoming trial.

Further, absent a proffer by the government directly linking Limberatos to the Georgia scheme and establishing its admissibility, this evidence would serve only to prejudice the defendant and confuse the jury. Fed. R. Evid. 403; see United States v. Mercado, 573 F.3d 138, 142 (2d Cir. 2009) (noting potential prejudice by "the admission of any evidence not directly related to the charged conduct"); United States v. DeCicco, 435 F.2d 478, 483 (2d Cir. 1970);

3

United States v. Ozsusamlar, 428 F. Supp.2d 161, 173 (S.D.N.Y. 2006). And as the government must concede, they have produced no such evidence linking the defendant to the Georgia scheme, and seek to rely on witness testimony to establish its admissibility. It is therefore impossible at this stage to test or challenge the government's claim that this additional, uncharged conduct is actually arising "out of the same transaction or series of transactions as the charged offense," or "inextricably intertwined" and "necessary to complete the story of the crime on trial." United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000); see also United States v. Gilan, 967 F.2d 776, 782 (2d Cir. 1992) (new trial required after court permitted evidence of crimes with "no link" to the defendant).

Accordingly, these "inflammatory," (United States v. Livoti, 196 F.3d 322, 326 (2d Cir.1999)) "prejudicial," (DeCicco, 435 F.2d at 483) and "irrelevant," (Fed. R. Evid. 402) allegations should be barred from the upcoming trial pending such time as the government may proffer facts and argument which render them admissible.

## POINT II

**THE DEFENDANT SEEKS TO JOIN THE MOTIONS OF HIS CODEFENDANTS TO THE EXTENT THEY ARE APPLICABLE TO HIM**

4

## **CONCLUSION**

      For the reasons stated herein, defendant Nikolaos Limberatos' motions *in limine* should be granted in its entirety.

Dated:      New York, New York
               May 27, 2022

                                       Respectfully submitted,

                                                /S/
                                    **JEFFREY EINHORN, ESQ. (JE6559)**
                                    **LAW OFFICES OF JEFFREY LICHTMAN**
                                    11 E. 44th Street, Ste. 501
                                    New York, NY 10017
                                    (212) 581-1001
                                    einhorn@jeffreylichtman.com

                                    Attorney for Nikolaos Limberatos